VICTOR H. HEYN AND GRACE HEYN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88582.   Filed January 29, 1963.

*Robert J. Berens, Esq.,* for the petitioners.
*Robert Pierce, Esq.,* for the respondent.

MULRONEY, *Judge:* The respondent determined a deficiency in petitioners' income tax for the taxable year 1955 in the amount of $17,533.25.

The only issue is whether the amount petitioner Victor H. Heyn received in 1955 from his employer, Charles O. Gilfillan for the cancellation of his employment contract is taxable income for that year.

#### FINDINGS OF FACT.

Some of the facts are stipulated and they are found accordingly.

On November 23, 1951, Victor H. Heyn entered into a 25-year employment contract with Charles O. Gilfillan to look after the latter's farm property.   On or about July 1, 1955, Heyn was discharged by his employer and he immediately made claim against Gilfillan for breach of employment contract and on October 10, 1955, agreement for settlement of Heyn's claims was reached with Gilfillan and the parties executed a written settlement agreement which provided, in part, as follows:

It is agreed:

1. Employers will pay to the employee the sum of Nine Thousand One Hundred Dollars ($9,100.00) on the 4th day of January, 1956 and a like sum on the 4th day of January of each succeeding year, until a total consideration of Forty-five Thousand Five Hundred Dollars ($45,500.00) has been paid.

2. Employee, in consideration of the sum of Four Thousand Five Hundred Dollars ($4,500.00) to him in hand paid by the employers, the receipt of which is acknowledged, does hereby grant, bargain, sell, and convey unto employers all of the improvements and personal property located in a certain house owned by employers and which house is located on the so-called "homestead" of employers in Redwood County, Minnesota.

3. Contemporaneously with the execution of this instrument, the Employers will pay to the employee the sum of Forty-one Thousand Eight Hundred Thirty-

five Dollars ($41,835.00), which sum is agreed by the parties hereto to be a loan from employers to the employee and the total sum of such installment payments at the present value thereof, capitalized at 4%.

4. In order to carry into effect the intent of this agreement, the Employee will execute and deliver to the Employers five promissory notes, each in the sum of Nine Thousand One Hundred Dollars ($9,100.00), due January 4th, 1956, and each succeeding year, the last being due January 4th. 1960. * * *

Simultaneously with the execution of the settlement agreement petitioner executed five notes, the first providing, as follows:

NEW ULM, MINN., *October 10, 1955.*

On January 4, 1956, for valuable consideration to me in hand paid, the receipt of which is hereby acknowledged, I promise to pay to Charles O. Gilfillan, the sum of $9,100.00, with interest at the rate of 4% per annum.

It is agreed that this note may be used by the payee to discharge the obligation of the payee and his wife, Anna E. Gilfillan, due to the maker on January 4, 1956, under the terms of a settlement agreement executed by the maker and the payee and said Anna E. Gilfillan on this date.

This note shall be deposited with Gislason, Reim and Minium, Attorneys at Law, New Ulm, Minnesota, and may be by them surrendered on the due date to Berens and Rodenberg, the maker's attorney's, in payment of the obligation of the payee and his wife as aforesaid.

[s] VICTOR H. HEYN.

The other four notes were identical to the above except they were made payable to January 4, 1957, January 4, 1958, January 4, 1959, and January 4, 1960. All of the notes were deposited with Gilfillan's attorneys. On the same day, October 10, 1955, Gilfillan paid petitioner $4,500 for the improvements and $41,835. Petitioner did not pay anything on the notes and it was not expected that he pay anything. On the due date of each note it was marked paid and returned to petitioner's attorney.

In his income tax return for the year 1955 filed with the district director of internal revenue for the district of Minnesota, petitioner did not include the amount received from Gilfillan in his income for that year.[1] The deficiency in question results in respondent's determination that $41,835 should be included in petitioner's 1955 income.

OPINION.

An amount received in consideration for cancellation of an employment contract is ordinary income in the year received. *F. W. Jessop*, 16 T.C. 491; *George K. Gann*, 41 B.T.A. 388. Petitioner, on October 10, 1955, received $4,500 for reimbursement of improvement expenditures and $41,835 in consideration for the cancellation of his employment contract.

There is just no merit at all in the argument he advances here that the settlement transaction resulted in his "borrowing" the $41,835

---

[1] The record shows petitioner reported the receipt of income in the sum of $9,100 for each of the years 1956 through 1960.

from Gilfillan and in some manner one-fifth of the sum became income to him as each of the five notes was returned to him and marked paid.

Petitioner seems to think it significant that Gilfillan first offered to settle by paying $50,000 over 5 years. Also that the ultimate settlement agreement was arrived at by agreeing to an immediate payment of the $4,500 reimbursement claim and discounting Gilfillan's promise to pay the balance (or $45,500) over 5 years, at approximately 4 percent, which resulted in the figure $41,835.

How the parties arrived at the settlement figure is of no consequence. It is likewise of no consequence that the parties attempted to disguise the sum paid in settlement in 1955 as a loan from the employer to the employee. Petitioner testified he did not expect to pay any money on these notes. Anna E. Gilfillan,[2] one of the parties to the contract, testified it was set up as a loan in the contract to avoid the tax.

The substance of the transaction is controlling. In reality, there is a plain settlement of an employment contract dispute by a payment of $41,835 to the petitioner-employee in 1955. That sum is ordinary income to petitioner in 1955.

Petitioner concedes the other items in respondent's computation of deficiency which are set forth in his notice of deficiency, are correct. Respondent is entitled to judgment for the deficiency determined.

*Decision will be entered for the respondent.*

