WILLIAM F. HENRY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5585–73.    Filed August 7, 1974.

William F. Henry, pro se.
*Bernard Nelson* and *Christopher D. Rhodes*, for the respondent.

DAWSON, *Judge:* This motion for partial summary judgment was assigned to and heard by Commissioner Randolph F. Caldwell, Jr. The Court agrees with and adopts his opinion which is set forth below.[1]

#### OPINION OF THE COMMISSIONER

This case is presently before the Court on respondent's motion for partial summary judgment filed on May 3, 1974, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's 1968 and 1969 Federal income taxes, and certain additions to tax for each year. His only adjustment (exclusive of imposition of an addition to tax under section 6651(a)) for 1969 was to include the proceeds of a lawsuit in petitioner's income for that year. Petitioner timely filed the petition

[1] Since this is a pretrial motion for a partial summary judgment and there is no genuine issue of material fact, the Court has concluded that the posttrial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on June 19, 1974.

in this case, covering both years. Respondent has moved for partial summary judgment in his favor with respect to the inclusion of the additional income in 1969.

The case was called at the motions session on June 19, 1974. Respondent appeared by his counsel, but there was no appearance by or on behalf of petitioner. The motion was taken under advisement.

Attached as exhibits to respondent's motion were copies of petitioner's 1969 Federal income tax return, the complaint and amended complaint in the subject lawsuit, and answers of the defendants in said lawsuit.

Petitioner's suit sought to recover damages for breach of a contract of employment, which petitioner alleged he had had with the defendants or their predecessors. Paragraph 6 of the complaint and paragraph 15 of the amended complaint both allege that petitioner received $57,772.38 in commissions working under that contract in 1967. Paragraph 11 of the complaint and paragraph 18 of the amended complaint computed the claimed damages by multiplying petitioner's 1967 commissions by his life expectancy. Neither the complaint nor the amended complaint sought damages for loss of reputation, mental suffering, or any other harm incurred by petitioner, other than loss of commissions.

Petitioner attached the following note to his 1969 return: "In December 1969 I was awarded damages in a lawsuit in the amount of 32,461.38. I have been advised that this is nontaxable income. For information only."

Respondent determined that the $32,461.38 was includable in petitioner's 1969 income. We think he was correct in doing so.

It was said by this Court in *Margery K. Megargel*, 3 T.C. 238, 243 (1944), that the "nature and basis of the action show the nature and character of the consideration received upon compromise. *Lyeth* v. *Hoey*, 305 U.S. 188." Measured by that standard, we think that what petitioner in the present case received in compromise or settlement of his claims for breach of his employment contract must be held to be compensatory, and fully taxable as ordinary income. What he was suing for was commissions, upon which he would have been fully taxable as compensation for services; what he received when he compromised his suit must be held to have been impressed with that same compensatory, taxable character. See also *F. W. Jessop*, 16 T.C. 491 (1951); *Victor H. Heyn*, 39 T.C. 719 (1963).

There is no genuine issue of material fact, and respondent is clearly entitled to prevail on this issue as a matter of law. Accordingly, respondent's motion for partial summary judgment will be granted, and this action will be given effect under Rule 121(c).

*An appropriate order will be entered.*