ALLEN E. CLIPPINGER AND MARY ALYCE CLIPPINGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clippinger v. Commissioner
Docket No. 8828-74.
United States Tax Court
T.C. Memo 1975-322; 1975 Tax Ct. Memo LEXIS 50; 34 T.C.M. (CCH) 1399; T.C.M. (RIA) 750322; October 30, 1975, Filed; as amended November 19, 1975. Allen E. Clippinger, pro se. John D. Steele, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1971 in the amount of $1,302.66. The sole issue involved is whether petitioners are entitled to deduct in 1971 a loss on the sale of their personal residence sustained in 1968. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, filed their joint Federal income tax return for the taxable year 1971 with the District Director of Internal Revenue, Buffalo, New York. They resided at Amherst, New York, when they filed their petition. In 1947 petitioners *51 purchased a residence at Waterville, New York for $8,000 which they used as their personal residence until August 23, 1968. Prior to 1967, Mr. Clippinger was employed by Hamilton Research Corporation, New Hartford, New York. On May 1, 1967, Mr. Clippinger was first employed by the Pratt & Whitney Division of United Aircraft Corporation at Buffalo, New York at which time he moved to Buffalo. Mrs. Clippinger was employed as a school teacher and did not move from Waterville to Buffalo until August 23, 1968. On August 28, 1968, petitioners sold their residence in Waterville for $14,500. Mr. Clippinger worked for United Aircraft in Buffalo until June 27, 1969 when his employment was terminated because his services were no longer required in the Buffalo location and he was not interested in accepting an assignment outside the State of New York. In the spring of 1970, Mr. Clippinger filed an action for breach of his employment contract against United Aircraft in the United States District Court. In the suit, Mr. Clippinger alleged that United Aircraft represented to him at the time he accepted employment that he would be assigned to a location in the State of New York for at least 4 years. *52 The suit was settled in 1971 for $3,000. On a separate schedule of their joint income tax return for the taxable year 1971 petitioners claimed a net loss of $2,539 from the sale of their house and the recovery on the lawsuit as follows: Sale of Personal Residence
431 White St Waterville NY
Purchased
1947
Sold
1969
Assessed 1964
18,500
Sold for
14,500
Reason for sale, I was
transferred to Buffalo with
United Aircraft.
Sued United for loss
Collected
$3000
Lawyers fees & expenses
$1539
$1461
Loss on home
4000
1461
Loss to Me
2539
The Commissioner, in his statutory notice of deficiency denied the net loss of $2,539 claimed on the return and determined that petitioners realized $1,461 of additional income based upon the recovery of $3,000 less legal fees of $1,539. OPINION Petitioners treat the $3,000 recovered in the lawsuit as income by offsetting it first by the legal fees and then using the net thereof ($1,461) as an offset to the loss claimed on the residence ($4,000). Respondent does not dispute the deductibility of the legal fees of $1,539 paid by petitioners in 1971. Petitioners, on their return for 1971, have treated *53 the settlement of the lawsuit as a complete transaction involving the lawyer's fees and the sale of their residence which occurred in 1968. The $3,000 collected from the lawsuit is taxable income William F. Henry,62 T.C. 605 (1974). Petitioners claim the loss on the sale of their personal residence because if the loss had been reimbursed by Mr. Clippinger's employer, the employer could have deducted the reimbursement as compensation. We recognize that such would be the result and we agree with petitioners that such practice exists with many employees. Nevertheless, we are required to apply the law to the circumstances as they actually occurred. Petitioners did not sustain a deductible loss in 1971 by reason of the sale of their residence for three reasons: (1) the sale occurred in 1968; (2) the basis for gain or loss is the cost of the residence, $8,000, not the appraised value of $18,500, which would produce a gain from the sale in 1968, not a loss; and (3) a loss sustained from the sale of a personal residence is not deductible. Sec. 165(a), Interal Revenue Code of 1954; Sec. 1.165-9(a), Income Tax Regs.
No deduction is allowable for *54 the sale of petitioner's residence. The settlement of the lawsuit is taxable as ordinary income less the legal fees paid. Our findings, therefore, agree with the adjustments made by the Commissioner in his statutory notice of deficiency. Decision will be entered for the respondent.